UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRENT ALLEN ELISENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-00011-JDL |
| | ) | |
| OFFICER TAYLOR REYNOLDS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff asks the Court to appoint counsel to represent him in this matter. (Motion, ECF No. 2.) Plaintiff maintains that the appointment of counsel is warranted because he meets the financial criteria.

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial

"was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

Following a review of Plaintiff's complaint, the Court concludes that at the present time, the case does not present the "exceptional circumstances" necessary to warrant the appointment of counsel. The Court, therefore, denies the motion.

**NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of January, 2021.