UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRENT ALLEN ELISENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER TAYLOR REYNOLDS, et al., )<br>)<br>Defendants. ) | 1:21-cv-00011-JDL |

**ORDER DENYING MOTION TO REOPEN**

Plaintiff Brent Allen Elisens, proceeding pro se, brought this action against Police Officer Taylor Reynolds and the Bangor Police Department on January 7, 2021, making various claims about Officer Reynolds's conduct that occurred during an alleged altercation where Officer Reynolds stopped Elisens while he was walking home from work (ECF No. 1). Elisens alleged that he suffered physical injuries, emotional distress, and monetary damages as a result of Officer Reynolds's conduct, and he sought (1) compensation for his medical bills, (2) a court-appointed attorney, and (3) the termination of Officer Reynolds from his position. Elisens was granted leave to proceed in forma pauperis on January 21, 2021, and an Order for Service was issued on March 9, 2021 (ECF Nos. 8-9). On April 7, 2021, Elisens filed a Notice of Voluntary Dismissal, and the case was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (ECF No. 10). Elisens now moves to reopen the case, stating that the Court should reopen the case because Officer Reynolds has not been fired and continues to abuse his position of authority (ECF No. 11). No other facts are cited in support of the request.

1

Because Elisens does not specify the legal basis for his Motion, I treat his request as a motion filed pursuant to Federal Rule of Civil Procedure 60(b), which allows a party to seek relief from "a final judgement, order, or proceeding." Courts are divided as to whether a voluntary dismissal constitutes a final judgment, order, or proceeding for the purposes of Fed. R. Civ. P. 60(b). *Compare Great Am. Ins. Co. of N.Y. v. Day*, No. CIV.A. DKC 12-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013) (holding that plaintiff who filed a notice of voluntary dismissal without prejudice was not eligible to reopen the case "[b]ecause a dismissal under [Rule 41(a)(1)(A)] is effected without court order, [so] 'there is no final order or judgment from which a party may seek relief under Rule 60(b)'" (quoting *Ajiwojo v. Cottrell,* 245 Fed. App'x. 563, 565 (8th Cir. 2007))), *and Owen v. Sports Gymnastics Fed'n of Russ.*, No. 1:12-CV-00034-NT, 2013 WL 696303, at *1 (D. Me. Jan. 16, 2013) (collecting cases), *report and recommendation adopted*, No. 1:12-CV-00034-NT, 2013 WL 696197 (D. Me. Feb. 26, 2013), *with Nelson v. Chertoff*, No. 07-CV-2991, 2010 WL 1856192, at *2 (N.D. Ill. May 10, 2010), *aff'd sub nom.*, *Nelson v. Napolitano*, 657 F.3d 586 (7th Cir. 2011) (construing plaintiff's motion to reopen following voluntary dismissal without prejudice as a motion under Rule 60(b) "because there is some ambiguity in Seventh Circuit case law suggesting that a district court may have jurisdiction to consider a Rule 60(b) motion following a [voluntary] dismissal").

I do not need to reconcile these differing views, however, because even if I were to treat Elisens's Motion to Reopen as a request for relief pursuant to Fed. R. Civ. P.

60(b)(6),[1] Elisens has not met the "exacting standard for obtaining that relief." *Owen*, 2013 WL 696303, at *2. Federal Rule of Civil Procedure 60(b)(6) permits the court to "relieve a party . . . from a final judgement, order or proceeding for . . . any other reason that justifies relief."

"District courts enjoy considerable discretion in deciding motions brought under [Rule 60(b)]." *Cotto v. United States*, 993 F.2d 274, 277 (1st Cir. 1993). "Motions brought under Rule 60(b)(6) will only be granted in extraordinary circumstances," *Chang v. Smith*, 778 F.2d 83, 85 (1st Cir. 1985), and must be filed "within a reasonable time." *Farm Credit Bank of Balt. v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003). In determining whether a motion has been filed within a reasonable amount of time, courts consider "the length of the delay, the justification for it, and the prejudice (if any) associated with the granting of relief." *Id.* at 66. *See, e.g.*, *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660 (1st Cir. 1990) (noting that the First Circuit "has held that thirty days after judgment is a reasonable time" for motions filed pursuant to Rule 60(b)(4)-(6)); *Cotto*, 993 F.2d at 280 (finding that motion filed sixteen months after judgment was not filed within a reasonable time). "Absent compelling reasons, parties may not employ [Rule 60(b)(6)] to expand their time for taking appropriate action, or to avail themselves of an additional, broad purpose for requesting relief from judgment." *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir. 1987).

---

[1] Elisens may not seek relief pursuant to Rule 60(b)(1)-(3) because he failed to file a motion within one year of dismissal, *see* Fed. R. Civ. P. 60(c)(1), and Rule 60(4) and (5) are inapplicable. Accordingly, I construe his request as a motion filed pursuant to Fed. R. Civ. P. 60(b)(6).

3

Here, Elisens's Motion to Reopen was filed nearly twenty-one months after he filed a Notice of Voluntary Dismissal.  Elisens has not provided any justification for the delay.  Instead, it appears that he simply wants to renew his request for relief because Officer Reynolds's employment has not been terminated, stating that "my reason for [seeking] dismissal was logically invalid as I cannot predict what a random robed tyrant will decide or with what arbitrary wording they will use to do so." ECF No. 11 at 1.  Accordingly, Elisens's Motion is untimely, his delay is not supported by good cause, and the Motion is appropriately denied.

It is hereby **ORDERED** that Elisens's Motion to Reopen (ECF No. 11) is **DENIED**.

**SO ORDERED.**

**Dated this 1st day of March, 2023.**

                                                  /s/ Jon D. Levy
                                        **CHIEF U.S. DISTRICT JUDGE**